UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYLVIA ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D'AUGUSTE, et al.,<br><br>Defendants. | No. 26-cv-12620-PGL |

**ORDER FOR REASSIGNMENT, AND**
**REPORT AND RECOMMENDATION FOR DISMISSAL**

September 2, 2026

LEVENSON, U.S.M.J.

On June 9, 2026, a *pro se* litigant proceeding under the name "Sylvia Anderson" ("Plaintiff") filed a one-page civil complaint (Doc. No. 1) and a motion for leave to proceed *in forma pauperis* (Doc. No. 2). For the reasons set forth below, I order that this action be reassigned to a District Judge and recommend to the District Judge that this action be dismissed without prejudice for lack of jurisdiction and that the *in forma pauperis* motion be denied as moot.

## I. Complaint

Plaintiff names five individuals as defendants: James D'August, Dianne T. Renwick, Sallie Manzanet-Daniels, Suzanne J. Adams, and Hector Lassale. The body of the complaint consists of three phrases: "Defendants showed fast speed in claims," "Defendants are subjected to actions," and "Plaintiff requests this Court to adjudicate."

## II. Discussion

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies." U.S. Const. art. III, § 2. For a case or controversy to exist, the plaintiff must have standing, or, in other words, the plaintiff "must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged action; and redressable by a favorable ruling." *Horne v. Flores*, 557 U.S. 433, 445 (2009). A federal court has an "obligation to inquire *sua sponte* into [its] jurisdiction . . . in every case," and that "obligation extends to determining whether a party has constitutional standing to sue." *Fideicomiso De La Tierra Del Cano Martin Pena v. Fortuno*, 604 F.3d 7, 16 (1st Cir. 2010) (internal quotation marks omitted).

Here, Plaintiff does not set forth a claim for which she has standing. She does not identify any conduct by the defendant that injured her personally.

In the absence of a case or controversy over which the court could exercise jurisdiction, I will recommend to the District Judge that this action be dismissed.

I note that "Sylvia Anderson" appears to be a recreational litigant who is wasting court resources in federal judicial districts across the country. According to information available on the Federal Courts' PACER (Public Access to Court Electronic Records) platform, from June 8, 2026 through June 12, 2026, a plaintiff named "Sylvia Anderson" filed a case titled "*Anderson v. D'Auguste*" in thirty-two other federal district courts. A sampling of these cases shows that the complaint Plaintiff in this action is identical to those filed in other courts. *See, e.g.*, *Anderson v. D'Auguste*, 1:26-cv-00140-MW-MAF (N.D. Fla.); *Anderson v. D'Auguste*, 1:26-cv-00192-DLH-CRH (D.N.D.); *Anderson v. D'Auguste*, 8:26-cv-02304-PX (D. Md.); *Anderson v. D'Auguste*, 1:26-cv-00534-CCE-JGM (M.D.N.C.).

## III. Conclusion

I order that this action be REASSIGNED to a District Judge and I RECOMMEND to the District Judge that this action be dismissed without prejudice for lack of jurisdiction and that the motion for leave to proceed *in forma pauperis* be denied as moot.[1]

/s Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

Dated: September 2, 2026

[1] The parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).